# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO
### PROBATION OFFICE



**LAVETRA A. CASTLES**
Chief U.S. Probation Officer

Byron G. Rogers U.S. Courthouse
1929 Stout Street, Suite C-120
Denver, CO 80294-0101
Phone: (303) 844-5424

212 North Wahsatch Avenue, Suite 300
Colorado Springs, CO 80903-3476
Phone: (719) 471-3387

May 2, 2016

**ELIZABETH MILLER**
Deputy Chief U.S. Probation Officer

400 Rood Avenue, Room 309
Grand Junction, CO 81501-2520
Phone: (970) 245-5396

103 Sheppard Drive, Suite 206
Durango, CO 81303-3439
Phone: (970) 385-9564

RESPOND TO:   Denver

RE:   Defendant:  Eric Richfield **MAJORS**
      Docket No.: 1:07CR00471-1
      **PROBATION RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISION [Document 283]**

This correspondence follows the Court's directive that the Probation Office respond to the defendant's motion for consideration of early termination of supervised release.

On June 19, 2010, the defendant was sentenced in the District of Colorado by the Honorable John L. Kane to 60 months imprisonment for Conspiracy to Defraud the SEC and the IRS, and to Commit Offenses Against the United States, in violation of 18 U.S.C. § 371. Additionally, the defendant was sentenced to a 3 year term of supervised release and assessed a $100.00 special assessment fee. The defendant was ordered specific special conditions that include: Abiding by all rules and regulations of the IRS; shall not be employed in any fiduciary or a securities broker without permission from the court; no new lines of credit; and ordered to pay restitution in the amount of $127,389.40.

On March 14, 2015, the defendant commenced his term of supervised release in the Northern District of Florida.  He has been on supervision for 13 months, which makes him statutorily eligible for early termination, pursuant to 18 U.S.C. § 3583(e)(1).  However, in evaluating suitability for early termination under this statute, the Probation Office is mandated to consider the following criteria that have been approved by the Judicial Conference Committee on Criminal Law.  The defendant shall have:

- stable community reintegration (e.g., residence, family, employment);
- progressive strides toward supervision objectives and in compliance with all conditions of supervision;
- no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
- no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
- no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
- no recent evidence of alcohol or drug abuse;
- no recent psychiatric episodes;
- no identifiable risk to the safety of any identifiable victim; and
- no identifiable risk to public safety based on the Risk Prediction Index (RPI) score of zero (0) or one (1).

The defendant has been supervised by the Northern District of Florida since his supervision commenced.  The Probation Office contacted Assistant U.S. Attorney Kenneth Harmon.  He gave some background on the case, in addition to concerns of allowing the defendant to terminate his supervision prior to his expiration date.

After speaking with the defendant's United States Probation Officer in Florida and reviewing a couple of monthly reports it seems there are some discrepancies in what the defendant is reporting to the Probation Office.  The defendant reports owning an internet marketing business called Xstone Effect.  It is unknown if the defendant has handled any monies associated with the business. The defendant reports business is slow and therefore has not been bringing in any income.  He recently changed this marketing company into a landscaping business under the same name.  He is working with a professional landscaper.  On his monthly reports, he documents only making a dollar a month and working one hour per week.    The defendant fails to provide pay stubs verifying his employment.  The defendant submits bank statements to the Probation Office, which is inconsistent with what the defendant records as his income on his monthly report.

Additionally, although the defendant's restitution has been paid in full, the defendant only contributed $1,050.00 towards the court-ordered amount of $127,389.40; his co-defendant paid the rest of the restitution money.

After reviewing the defendant's case, it is respectfully recommended that defendant's motion for early termination be denied based on the above information.

Should the Court have any questions, please contact this officer at: 303-335-2422.

Respectfully Submitted,

*s/Rachel L. Goldstein*
Rachel L. Goldstein
United States Probation Officer

Approved:

*s/Gary W. Phillips*
Gary W. Phillips
Supervising United States Probation Officer